UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                               20-cr-120 (PKC)

       -against-                                               ORDER

RAUL SILVA,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Trial of this action is set to begin in seven days, on May 2, 2023. The Court has today received a letter from defendant Raul Silva dated April 17, 2023. In the letter he seeks the appointment of second counsel, assignment of a Mr. Ivan Smith as "trial assistant" and postponement of trial. He further argues that he has "received a small stack of text message[s]" but no other discovery materials. He accuses his existing appointed lawyer of failure to investigate witnesses and failure to hire an expert witness. He seeks, among other things, a postponement of trial and new counsel. For the reasons explained, the relief will be denied.

        Defendant Silva initially appeared before a Magistrate Judge Cave on August 20, 2021, at which time Eric Breslin, a member of the CJA Panel, was appointed to represent him. Mr. Breslin, who had ably tried a murder-for-hire jury trial to verdict before the undersigned with the assistance of Arletta K. Bussiere, applied to the Court to appoint Ms. Bussiere to assist in this case, and, on October 29, 2021, the Court approved that application for an initial 100 hours, subsequently increased by an additional 130 hours (ECF 22, 80).[1]

---

[1] Ms. Bussiere is also known as Arletta K. Singh.

At a conference held one year ago, on April 13, 2022, the government reported that discovery was complete, with the large majority of materials having been produced as of the last conference on January 12, 2022, but that a "small production" of cell phone location data had recently produced. (4/13/22 Tr. 2) Mr. Breslin advised that his client had no motions "addressed to the discovery or the face of the indictment" but expected "evidentiary motions." The Court set dates for final pretrial submissions, including request to charge, voir dire and in limine motions, with the government's submissions due June 3, the defense submissions due June 17 and a Final Pre-Trial Conference set for July 13, 2022. (Id. Tr. 3-4.)

On May 27, 2022, the government wrote to the Court advising that the parties had engaged in substantial discussions regarding a pretrial resolution and "[t]he defense has indicated that, in light of the very serious nature of the charges, it would benefit significantly from additional time to consider a proposed plea agreement that has been extended by the Government." (ECF 43.) The government, with defendant's consent, sought a 60-day extension on the deadlines for pretrial submissions and the final pretrial conference. (Id.) The Court granted the request in an Order adjourning the date for government submissions to August 5, 2022, defense submissions to August 19, and the and the Final Pretrial Conference to September 20, 2022. (ECF 44.)

On August 3, 2022, the government again wrote to the Court, with consent of the defendant, seeking a further adjournment, with the government's submissions due September 2 and the defense submissions due September 16. (ECF 55.) The Court granted the application and moved the Final Pretrial Conference to October 12, 2022. (ECF 59.)

On September 15, 2022, the government wrote again, reporting that "[t]he parties' discussions continue, and we again seek additional time to continue those discussions before the

upcoming filing deadlines." This time they sought only an adjournment of filing dates but not the Final Pre-Trial Conference. (ECF 66.) The Court grant the request. (ECF 67.)

On September 27, 2022, Mr. Breslin wrote to the Court advising that "[t]he parties are still engaged in productive ongoing discussions regarding a potential pretrial resolution" and requested that the government's submissions be adjourned to October 14, 2022 and the defense submissions to October 21, 2022. Mr. Breslin also cited his own trial schedule and that of Ms. Bussiere as an additional reason for the request. (ECF 69.) The Court granted the request, which necessitated moving the Final Pretrial Conference to November 9, 2022. (ECF 70.)

On October 14, 2022, Mr. Breslin wrote to the Court seeking a further adjournment, citing productive discussions, his and Ms. Bussiere's trial schedule, that of the government and the difficulty of visiting defendant Silva at the Essex facility. (ECF 71.) The government's submissions were extended to November 11 and the defense submissions to November 18, 2022, with the Final Pretrial Conference adjourned to December 6, 2022. (ECF 72.)

The government wrote to the Court on November 9, 2022, signaling that plea negotiations had come to an end: "The parties now anticipate moving forward with pretrial submissions rather than continued plea discussions, but the Government respectfully requests, with the defendant's consent, a brief adjournment of its deadline to November 18, 2022, and a brief corresponding adjournment of the defense's deadline to November 28, 2022." (ECF 75.) The Court granted the request. (ECF 76.)

In its November 17, 2022 letter, the government tried to raise a whole new plan for final pretrial submissions, one that was keyed off of a trial date. (ECF 77.) The Court denied

- 3 -

the request and advised that the conference would go forward on December 6, 2022, and that the Court would set a new schedule at that time. (ECF 81.)

At the December 6 conference, the government reported that "there was a plea offer made quite some time ago, and then a more recent plea offer was made since we have last been before your Honor. That plea offer has now been formally rejected." (ECF 83 at 5.) Mr. Breslin confirmed the accuracy of the government's statements and confirmed that "[t]he last plea offer was rejected sometime in late October." (Id.) The Court confirmed that there were "no other pleas offers. . . ." (Id.)

Learning that the last plea offer had been rejected and there were no other offers, the Court addressed Mr. Silva directly:

> THE COURT: Mr. Silva, I would be delighted to try your case, that's what I do for a living, is I preside at jury trials. While I have not had a trial with this particular prosecutor I have had a trial with both of your defense counsel, Ms. Bussiere and Mr. Breslin, and they're very good lawyers and it would be my pleasure to try the case.
> Do you understand?
> THE DEFENDANT: Yes, sir.
> THE COURT: And you understand that you are the only person that can make the ultimate decision on whether to accept a plea offer? There aren't any outstanding right now, as I understand it, but to accept the plea offer or to go to trial, or to take the witness stand at trial or not take the witness stand at trial, your lawyers are allowed to advise you but they can't make the decision for you.
> Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: And are you satisfied with your lawyers' representation of you?
> THE DEFENDANT: Yes. Yes, sir.

(Id. at 5-6.)

The Court set February 17, 2023 for the government's submissions, March 14 for defense submissions and March 28 for any reply by the government and April 13, 2023 for the

Final Pre-Trial Conference. (Id. at 3.) The government sought to extend its date for filings by one week, which the Court granted. (ECF 86.)

On January 10, 2023, the Court set the case for trial for April 24, 2023. (ECF 82.) At defense counsel's request and with the government's consent (ECF 91), the Court moved the date by approximately one week, to May 2, 2023. (ECF 92.)

Final pretrial submissions and motions were filed and addressed at the Final Pretrial Conference held on April 13, 2023. It was revealed at the conference that there had been yet another plea offer made, which would eliminate a mandatory-minimum sentence on Count 2 of twenty years in connection with the alleged fentanyl death of Evelyn Seda Vasquez in or about July 2019. Mr. Silva executed the plea agreement but was now expressing a desire to back out of the agreement. The Court conducted an inquiry of Mr. Silva to make sure that he understood the revised plea offer that the government had made and that he had rejected.[2] The Court endeavored to answer his questions regarding the plea agreement. Mr. Silva requested new counsel and an adjournment of the trial date to accommodate the schedule of new counsel. With trial scheduled to commence in 19 days, the Court declined both requests.

Mr. Silva's request, dated April 17 and received today, raises a host of new complaints – a failure to investigate witnesses, a failure to retain expert witnesses, a failure to provide him with access to discovery materials, a request for a "second" (actually third) counsel, a renewal of a request to postpone the trial, and the assignment of Ivan Smith as "a trial assistant."

Before setting a trial date, the Court made due inquiry of Mr. Silva on December 6, 2022 as to his satisfaction with his lawyer, and, one year and four months into Mr. Breslin's

---

[2] The transcript of the April 13 conference has not been prepared as of this date.

representation of him, he expressed satisfaction. Mr. Silva's most recent letter displays an ability to write to the Court directly, which he could have done long before the April 13 conference if circumstances had changed.

The Court adheres to its rulings at the April 13, 2023 conference denying a request to postpone the trial and appoint new counsel. The Court also denies the requests in Mr. Silva's letter motion received today. The Court will require Mr. Breslin to respond to Mr. Silva's allegations in a written submission under seal before the start of trial. Effective immediately, the Court will lift the cap on approved hours by Ms. Bussiere through to verdict.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        April 25, 2023